Scott McKay (ISB #4309)
Nathan Pittman (ISB#9430)
**NEVIN, BENJAMIN & MCKAY LLP**
303 W. Bannock Street
Boise, Idaho 83702
Tel.: (208) 343-1000
Fax: (208) 345-8274
Email: smckay@nbmlaw.com
Email: npittman@nbmlaw.com

*Local Counsel for Proposed Lead Plaintiff Ofi
Invest Asset Management, on behalf of Ofi
Invest Actions Amérique, and Oklahoma Police
Pension and Retirement System*

[Additional counsel listed on signature page]

### UNITED STATES DISTRICT COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LAMB WESTON HOLDINGS, INC., THOMAS P. WERNER, and BERNADETTE M. MADARIETA, <br><br> Defendants. | Case No.: 1:24-cv-00282-AKB-CWD <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION OF THE PENSION FUNDS [Dkt. 22]** |

*Caption continued on next page.*

|  |  |
|---|---|
| WEST PALM BEACH FIREFIGHTERS' PENSION FUND, Individually and on behalf of itself and all others similarly situated,<br><br>           Plaintiff,<br><br>     v.<br><br>LAMB WESTON HOLDINGS, INC., THOMAS P. WERNER, and BERNADETTE M. MADARIETA,<br><br>           Defendants. | Case No.: 1:24-cv-00350-AKB-CWD<br><br><u>CLASS ACTION</u> |

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.      INTRODUCTION ...................................................................................................... 1

II.     ARGUMENT................................................................................................................ 2

        A.      OFI INVEST AND OKLAHOMA POLICE HAVE THE LARGEST FINANCIAL
        INTEREST .................................................................................................... 3

        B.      OFI INVEST AND OKLAHOMA POLICE SATISFY RULE 23'S REQUIREMENTS
        AND ARE ENTITLED TO THE MOST ADEQUATE PLAINTIFF PRESUMPTION ................ 4

III.    CONCLUSION............................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................3

*City of Marysville Gen. Emps. Ret. Sys. v. Nighthawk Radiology Holdings, Inc.*,
   2010 WL 2000040 (D. Idaho May 19, 2010) ...................................................1, 3, 4

*Curry v. Yelp Inc.*,
   2014 WL 12769377 (N.D. Cal. Nov. 17, 2014) ..........................................................5

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ......................................................................3

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) ......................................................................................2, 5

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
   2022 WL 3571995 (N.D. Cal. July 26, 2022)..............................................................3

*Smith v. Sophie*,
   2005 WL 8165565 (D. Idaho Apr. 6, 2005) ................................................................3

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).............................................................................2, 3, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)................................................................................2, 5

**Other Authorities**

Rule 23 ...............................................................................................................1, 2, 4, 5

## I.    INTRODUCTION

Ofi Invest and Oklahoma Police—a cohesive pair of sophisticated institutional investors—are the presumptive Lead Plaintiff in this case by virtue of the $1.52 million loss that they incurred on their Class Period investments in Lamb Weston common stock, and their unquestioned adequacy to prosecute this case.[1]  Ofi Invest's and Oklahoma Police's loss is over $500,000 greater than the sole competing movant's loss.  Further, Ofi Invest and Oklahoma Police meet the typicality and adequacy requirements of Rule 23.  As such, they are entitled to the strong presumption that they are the "most adequate plaintiff" in this case.

In addition to Ofi Invest's and Oklahoma Police's motion, only one other motion seeking appointment as Lead Plaintiff was filed by International Brotherhood of Teamsters Local No. 710 Pension Fund ("Teamsters 710") and the Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Macomb County Intermediate Retirees Medical Benefits Trust (collectively, "Macomb County," and together with Teamsters 710, the "Pension Funds") (ECF No. 22).  Of the two Lead Plaintiff movants in this case, Ofi Invest and Oklahoma Police unquestionably incurred the largest financial interest in the litigation.  *See, e.g.*, *City of Marysville Gen. Emps. Ret. Sys. v. Nighthawk Radiology Holdings, Inc.*, 2010 WL 2000040, at *4 (D. Idaho May 19, 2010), *aff'd*, 2010 WL 5209379 (D. Idaho Dec. 16, 2010) (Dale, M.J.) ("Based upon the amount of loss suffered by [the movant], it clearly has the largest financial interest in the relief sought and the most to gain from the lawsuit.").  Specifically, Ofi Invest's and Oklahoma Police's loss of $1.52 million is nearly 50% larger than the approximately $1.02 million loss asserted by the Pension Funds.

---

[1] All capitalized terms are defined in Ofi Invest's and Oklahoma Police's opening brief, unless otherwise indicated.  *See* ECF No. 21-1.  All emphasis is added, and all internal citations and quotation marks omitted unless noted.

Ofi Invest and Oklahoma Police also satisfy the typicality and adequacy requirements of Rule 23, and are well suited to represent all Class members. *See* ECF Nos. 21-1 at 9-12, 21-5. Because Ofi Invest and Oklahoma Police possess the greatest financial interest of any movant and have made a *prima facie* showing of their typicality and adequacy under Rule 23, Ofi Invest and Oklahoma Police are entitled to a strong presumption that they are the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "***upon proof***" that Ofi Invest and Oklahoma Police are atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists, and there are no legitimate grounds to challenge Ofi Invest's and Oklahoma Police's typicality or adequacy. *See In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021) (explaining that unsupported speculation "does not comport with the burden-shifting process Congress established in the PSLRA," pursuant to which "competing movants must point to evidence" to rebut the presumption).

In recognition that Ofi Invest and Oklahoma Police have the "largest financial interest" and are otherwise typical and adequate representatives of the Class, the Pension Funds do not oppose the appointment of Ofi Invest and Oklahoma Police as Lead Plaintiff. *See* ECF No. 33.

Accordingly, Ofi Invest and Oklahoma Police respectfully request that this Court grant their Motion.

## II.    ARGUMENT

Ofi Invest and Oklahoma Police are the presumptively "most adequate plaintiff" because they are the movant with the largest financial interest that also satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)

### A.    OFI INVEST AND OKLAHOMA POLICE HAVE THE LARGEST FINANCIAL INTEREST

Ofi Invest and Oklahoma Police have the largest financial interest in the litigation and are therefore the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  When assessing which movant has asserted the largest financial interest in the litigation, courts in this District and Circuit consider a movant's loss as the most important factor.  *See., e.g.*, *City of Marysville Gen.*, 2010 WL 2000040, at *4 (appointing as lead plaintiff the movant that suffered the largest loss); *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.").  Ofi Invest and Oklahoma Police incurred losses of over $1.52 million on their purchases of 156,925 shares of Lamb Weston common stock during the Class Period.  The Pension Funds, conversely, asserted losses of only approximately $1.02 million on their purchases of 43,512 shares of Lamb Weston common stock.  *See* ECF No. 22-1 at 2, 9.  Because Ofi Invest and Oklahoma Police suffered losses that are almost 50% greater than the Pension Funds, Ofi Invest and Oklahoma Police unquestionably have "the most to gain from the lawsuit."  *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  Ofi Invest and Oklahoma Police therefore have the greatest financial interest in the litigation.  *See Smith v. Sophie*, 2005 WL 8165565, at *1-2 (D. Idaho Apr. 6, 2005) (appointing group of institutional investors with largest losses).

Further, Ofi Invest, alone, incurred a loss that exceeds the combined losses of the Pension Funds, which further counsels in favor of appointing Ofi Invest and Oklahoma Police as Lead Plaintiff.  *See Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022) (appointing as lead plaintiff a group of institutional investors where one

3

member had "the largest financial interest standing alone" and "would have achieved lead plaintiff status alone had it sought such appointment").

### B.    OFI INVEST AND OKLAHOMA POLICE SATISFY RULE 23'S REQUIREMENTS AND ARE ENTITLED TO THE MOST ADEQUATE PLAINTIFF PRESUMPTION

In addition to possessing the largest financial interest in the relief sought by the Class, Ofi Invest and Oklahoma Police satisfy the typicality and adequacy requirements of Rule 23.  As discussed in their opening brief, Ofi Invest and Oklahoma Police are typical Class representatives. *See* ECF No. 21-1 at 10-11.  Like all other Class members, Ofi Invest and Oklahoma Police (1) purchased Lamb Weston common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed.  *City of Marysville Gen.*, 2010 WL 2000040, at *5 (lead plaintiff movant satisfied the typicality requirement because it "purchased [company's] stock during the Class Period in reliance on Defendants' alleged misrepresentations and subsequently suffered damages").

Ofi Invest and Oklahoma Police also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also City of Marysville Gen.*, 2010 WL 2000040, at *5 ("The adequacy requirement is satisfied if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.").  There is nothing to suggest any conflict between the interests of Ofi Invest and Oklahoma Police and the interests of other members of the Class.  Ofi Invest's and Oklahoma Police's interests are aligned with those of other Class members because all suffered damages from their purchases of Lamb Weston common stock at prices that were artificially inflated by Defendants' alleged misconduct.  Ofi Invest and Oklahoma Police clearly have a substantial

4

financial interest that provides them with the incentive to ensure the vigorous prosecution of this litigation. *See Curry v. Yelp Inc.*, 2014 WL 12769377, at \*2 (N.D. Cal. Nov. 17, 2014) (finding an institutional investor's "substantial financial stake in the outcome of the litigation and its timely filing of this motion demonstrate that it is both incentivized and capable of vigorously pursuing this litigation"). Finally, Ofi Invest and Oklahoma Police have retained counsel that is highly experienced in litigating securities class actions, which further demonstrates their adequacy. *See* ECF Nos. 21-1 at 16-17, 21-7, 21-8.

Because Ofi Invest and Oklahoma Police have the largest financial interest in the relief sought by the Class and have made the requisite preliminary showing that they satisfy the typicality and adequacy requirements of Rule 23, Ofi Invest and Oklahoma Police are entitled to the presumption that they are the most adequate plaintiff under the PSLRA and should be appointed Lead Plaintiff. *See In re Mersho*, 6 F.4th at 899 ("Once the district court has determined that the movant with the largest stake has made a prima facie showing of adequacy and typicality, that movant becomes the presumptively most adequate plaintiff."). To overcome that presumption, the PSLRA requires the Pension Funds to present "***proof***" that Ofi Invest and Oklahoma Police are atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Mersho*, 6 F.4th at 899, 902 ("The statute requires proof that the presumptive lead plaintiff is not adequate" and requires courts to "articulate how the ***evidence***" presented by competing movants "***proves***" the presumptive lead plaintiff's inadequacy.). No such proof exists in this case, and there can be no credible arguments to the contrary. Recognizing this, the Pension Funds do not oppose the appointment of Ofi Invest and Oklahoma Police as Lead Plaintiff. *See* ECF No. 33.

## III.    CONCLUSION

Because Ofi Invest and Oklahoma Police have the largest financial interest and also satisfy the relevant requirements of Rule 23, they respectfully request that the Court: (1) consolidate the

5

Related Actions; (2) appoint them as Lead Plaintiff; (3) approve their selection of Lead Counsel;

and (4) grant any such further relief as the Court may deem just and proper.

Dated: September 3, 2024

Respectfully submitted,

*/s/ Daniel L. Berger*
Daniel L. Berger (admitted *pro hac vice*)
Caitlin M. Moyna (admitted *pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

Avi Josefson (admitted *pro hac vice*)
Jeroen va Kwawegan (*pro hac vice* application forthcoming)
Katherine M. Sinderson (*pro hac vice* application forthcoming)
Scott R. Foglietta (admitted *pro hac vice*)
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (212) 554-1903
Fax: (212) 554-1444
Email: avi@blbglaw.com
Email: jeroen@blbglaw.com
Email: katiem@blbglaw.com
Email: scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Ofi Invest Asset Management, on behalf of Ofi Invest Actions Amérique, and Oklahoma Police Pension and Retirement System and Proposed Lead Counsel for the Class*

Scott McKay (ISB #4309)
Nathan Pittman (ISB#9430)
**NEVIN, BENJAMIN & MCKAY LLP**
303 W. Bannock Street
Boise, Idaho 83702

6

Tel.: (208) 343-1000
Fax: (208) 345-8274
Email: smckay@nbmlaw.com
Email: npittman@nbmlaw.com

*Liaison Counsel for Proposed Lead Plaintiff Ofi
Invest Asset Management, on behalf of Ofi Invest
Actions Amérique, and Oklahoma Police Pension
and Retirement System*

7