UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, on behalf of itself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAMB WESTON HOLDINGS, INC., THOMAS P. WERNER, and BERNADETTE M. MADARIETA,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00282-AKB-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |
| WEST PALM BEACH FIREFIGHTERS' PENSION FUND, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAMB WESTON HOLDINGS, INC., THOMAS P. WERNER, and BERNADETTE M. MADARIETA,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00350-AKB-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION AND ORDER  - 1**

# INTRODUCTION

Pending before the Court are motions filed by two different institutional investors seeking to be appointed lead plaintiff in this class action, approval of lead plaintiff's selection of counsel, and consolidation of the above captioned cases. The potential lead plaintiffs are Ofi Invest Asset Management, on behalf of Ofi Invest Actions Amérique, and Oklahoma Police Pension and Retirement System (the "Ofi Funds"); and, the International Brotherhood of Teamsters Local No. 710 Pension Fund and the Macomb County Employees' Retirement System, Macomb County Retiree Health Care Fund, and Macomb County Intermediate Retirees Medical Benefits Trust (the "Pension Funds"). (Dkt. 3, Case No. 1:24-cv-00350-AKB-CWD; Dkt. 21, 22, Case No. 1:24-cv-00282-AKB-CWD).

After considering the parties' memoranda and the materials submitted in support of the motions,[1] the Court will order that the above captioned cases be consolidated; that the Ofi Funds be appointed as Lead Plaintiff; their counsel, Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Grant & Eisenhofer P.A. ("Grant &

---

[1] Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record before this Court. Dist. Idaho L. Rule 7.1(d). The undersigned has authority pursuant to 28 U.S.C. § 636(b) to issue an order on the motions. *See, e.g., Hunter v. Blue Ridge Bankshares, Inc.*, 346 F.R.D. 16, 20 n.1 (E.D.N.Y. 2024) ("An order appointing lead plaintiff and approving lead counsel qualifies as a non-dispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure, allowing this Court to issue a written order" rather than a recommended disposition.). *See also Niederklein v. PCS EdventuresA.com, Inc.*, No. 1:10-CV-00479, 2011 WL 759553, at *1 (D. Idaho Feb. 24, 2011); *In re Atlas Mining Co. Sec. Litig.*, No. CV 07-428-N-EJL-MHW, 2008 WL 821756, at *1 (D. Idaho Mar. 25, 2008); *Query v. Maxim Integrated Prod., Inc.*, 558 F. Supp. 2d 969, 972 (N.D. Cal. 2008).

**MEMORANDUM DECISION AND ORDER - 2**

Eisenhofer") be appointed as Lead Counsel for the Class; and Nevin, Benjamin & McKay, LLP, be approved as Liaison Counsel.

## BACKGROUND

Plaintiffs Cleveland Bakers and Teamsters Pension Fund and West Palm Beach Firefighters' Pension Fund bring their respective class actions on behalf of all persons or entities that purchased shares of Lamb Weston common stock between July 25, 2023, and either April 3, 2024, or July 23, 2024.[2] Both plaintiffs seek to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.

Lamb Weston, based in Eagle, Idaho, is one of the largest producers and distributors of frozen potato products, including French fries, which Lamb Weston sells to restaurants and retailers around the world. McDonald's Corporation is one of Lamb Weston's largest customers.

On or about July 25, 2023, Lamb Weston announced the completion of the design of a new Enterprise Resource Planning ("ERP") software system that Lamb Weston would implement across its operations. According to Lamb Weston, the new ERP system would drive efficiency through increased automation, and would replace outdated technologies. Throughout the Class Period, and specifically by November 2023, Lamb

---

[2] The Cleveland Bakers and Teamsters Pension Fund asserts that the Class Period is between July 25, 2023, and April 3, 2024, while the West Palm Beach Firefighters' Pension Fund asserts that the Class Period is between July 25, 2023, and July 23, 2024. The Court will determine the relevant Class Period at a later time.

**MEMORANDUM DECISION AND ORDER - 3**

Weston transitioned some of its previous financial and operating systems to its newly designed ERP system.

Plaintiffs' claims against Defendants arise from statements Lamb Weston made during the Class Period that Plaintiffs allege were false and misleading. Lamb Weston represented that, through the design of its new ERP system, "it had strengthen[ed] [its] operational infrastructure." Lamb Weston also claimed that it had experienced only the "usual bumps" during its transition to the ERP system, and specifically assured investors that "[t]he estimated financial impact of the [ERP] system's go live is included in our fiscal 2024 targets." Plaintiffs allege Lamb Weston's representations concerning its business, operations, and prospects, including its financial guidance for fiscal 2024, lacked a reasonable factual basis.

Plaintiffs allege that Defendants knew of, or recklessly disregarded, significant, ongoing problems associated with the Company's new ERP system that would hinder its successful implementation. Notwithstanding these problems, Lamb Weston proceeded with transitioning to the new ERP system despite the risk that an unsuccessful implementation would negatively impact the Company's business and operations.

Plaintiffs allege that, as a result of Defendants' misrepresentations, shares of Lamb Weston common stock traded at artificially inflated prices during the Class Period. On April 4, 2024, Lamb Weston disclosed that it had experienced significant challenges with its transition to the new ERP system during the third quarter of fiscal year 2024, which ended February 25, 2024. The roll-out of the ERP system caused the Company to lose $135 million in net sales during the quarter and required a $330 million reduction to its

**MEMORANDUM DECISION AND ORDER  - 4**

sales guidance for the full fiscal year of 2024. In reaction to this news, the price of Lamb Weston common stock declined by $19.59 per share, or more than 19%, from a closing price of $101.12 per share on April 3, 2024, to a closing price of $81.53 per share on April 4, 2024.

Plaintiff West Palm Beach Firefighters' Pension Fund further alleges that, before the markets opened on July 24, 2024, Lamb Weston again announced disappointing financial results, attributing them to "impacts associated with the Company's ERP transition[,]" including the loss of customers and market share stemming from the botched implementation. Following this news, the price of Lamb Weston common stock declined by another $22.20 per share, or more than 28%, from a closing price of $78.62 per share on July 23, 2024, to a closing price of $56.42 per share on July 24, 2024.

Plaintiffs allege that, as a result of Defendants' wrongful acts and omissions, and the resulting declines in the market value of Lamb Weston common stock when the truth was disclosed, Plaintiffs and other Class members have suffered significant losses and damages.

Plaintiffs' respective complaints allege a violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against all defendants, and a violation of Section 20(a) of the Exchange Act against the individual defendants.

The Ofi Funds and the Pension Funds filed their respective motions for consolidation, appointment of lead plaintiff and request for approval of lead counsel on August 12, 2024. The Ofi Funds filed their motion first, selecting the law firms of Bernstein Litowitz and Grant & Eisenhofer to serve as lead counsel and the Idaho law

**MEMORANDUM DECISION AND ORDER - 5**

firm of Nevin Benjamin to serve as Liaison Counsel. The Pension Funds filed their motion thereafter, selecting the law firms of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Labaton Keller Sucharow LLP ("Labaton") to serve as Lead Counsel and the Idaho law firm of Johnson May as Liaison Counsel.

In response to the Ofi Funds' motion, the Pension Funds conceded that, with $1.02 million dollars in alleged losses as opposed to the Ofi Funds' $1.52 million dollars in alleged losses, the Pension Funds do not possess the "largest financial interest in the relief sought by the class," as required by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Accordingly, the Pension Funds do not oppose the competing motion filed by the Ofi Funds. However, the Pension Funds assert that, should the Court determine that the presumptive lead plaintiff is incapable or inadequate to represent the proposed class in this litigation, the Pension Funds would be willing and able to serve as lead plaintiff and/or class representative. Accordingly, the Court must determine which motion should be granted.

## DISCUSSION

1. **Consolidation**

The Pension Funds and the Ofi Funds seek consolidation of these matters, because both actions share the same facts and claims and consolidation would serve judicial economy. Neither motion is opposed.

Under Rule 42 of the Federal Rules of Civil Procedure, the Court may consolidate separate actions pending in the same district if they involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a)(2). "The district court has broad discretion under this rule

**MEMORANDUM DECISION AND ORDER - 6**

to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989). "When deciding whether to consolidate, a court weighs the potential for increased efficiency against any inconvenience, delay, or expense consolidation would cause." *Does v. BSA*, 2017 WL 5571572, at *1 (D. Idaho Nov. 20, 2017) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

The Court will therefore grant the respective motions to consolidate. As a threshold matter, the Court finds, and the parties agree, that both lawsuits involve common questions of law and fact. Both actions stem from the purchase of Lamb Weston common stock, and its later decline during a discrete time period. Both actions assert identical claims. The Court has discretion, therefore, to consolidate the cases under Federal Rule of Civil Procedure 42(a).

The Court also concludes consolidation is appropriate here for two additional reasons. One purpose of Rule 42 is to make litigation of related matters more convenient for the parties. Here, consolidation increases judicial efficiency, because common legal and factual determinations can be decided once rather than twice. Consolidation also decreases each party's costs by limiting litigation to one case. *See* Fed. R. Civ. P. 1. (Federal courts should construe the Federal Rules of Civil Procedure in such a way as to secure the "just, speedy, and inexpensive determination of every action and proceeding."). A second purpose of Rule 42 consolidation is to avoid delay. Neither matter would be unnecessarily delayed by consolidation, as both matters are in their infancy.

**MEMORANDUM DECISION AND ORDER - 7**

For these reasons, the Court finds that consolidation of these matters would be appropriate. The Court will therefore grant the motions for consolidation.

**2.      Motion to Appoint Lead Plaintiffs and Approve Selection of Counsel**

The Private Securities Litigation Reform Act ("PSLRA") sets forth a procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a). First, the plaintiff who files the initial action must publish notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u4(a)(3)(A)(I). Within 60 days after publication of the notice, any member of the proposed class may move the court to serve as lead plaintiff of the purported class. 15 U.S.C. § 78u4(a)(3)(A)(i)(II).

Next, within 90 days after publication of notice, "the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints" and shall appoint as lead plaintiff the member or members that the court determines to be "most capable of adequately representing the interests of class members…" 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA also provides a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**MEMORANDUM DECISION AND ORDER - 8**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can be rebutted only upon proof by a member of the purported plaintiff class that the presumptive plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Ninth Circuit Court of Appeals has recognized that a district court must follow a three-step process to determine the lead plaintiff in securities actions. *In re Cavanaugh*, 360 F.3d 726, 729 (9th Cir. 2002). First, the court must determine whether the procedural requirements are satisfied. *Id*. The procedural requirements demand that a motion for appointment as lead plaintiff be filed within 60 days of the published notice of the class action. 15 U.S.C. § 78u-4(a)(3)(A). Each prospective lead plaintiff must also provide a sworn certification that he or she has read the complaint, did not purchase the security at the direction of counsel or to participate in any private action and is willing to serve as a representative party. *Id*. § 78u-4(a)(2)(A).

Second, the court must determine which plaintiff has the largest financial interest by comparing the financial stakes of the parties. *In re Cavanaugh*, 360 F.3d. at 729-30. Once the individual or group of individuals with the largest financial interest is identified, the court must "focus its attention on that plaintiff" and determine whether the Rule 23 requirements are met. *Id*. at 730 (emphasis in original). If the person or group with the largest financial interest meets Rule 23's requirements, they become the presumptive lead plaintiff. *Id*.

**MEMORANDUM DECISION AND ORDER - 9**

The last step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's representations that it satisfies the requirements of Rule 23. *Id*.

A.     ***Procedural Requirements***

The Ofi Funds have complied with the procedural requirements. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). On June 13, 2024, the law firm of Bernstein Litowitz published a notice of pendency of the filing of a securities class action lawsuit against Lamb Weston[3] in *Business Wire*, a service that disseminates full-text news releases from thousands of companies and organizations worldwide to news media, financial markets, disclosure systems, and other audiences. Josefson/Berger Decl. Ex. D (Dkt. 21-6); Gilden Decl. Ex. D (Dkt. 22-6); Conner, Cheryl, PRESS RELEASES STILL MATTER, BUT NOT FOR THE REASONS YOU THINK, Forbes (August 28, 2013), available at https://www.forbes.com/sites/cherylsnappconner/2013/08/28/do-press-releases-still-matter-yes-but-not-like-you-think/#51462db8938d, [https://perma.cc/52S2-BTAY]. The Ofi Funds' motion for appointment as lead plaintiff was filed on August 12, 2024, within 60 days of the June 13, 2024 published notice. (Dkt. 21-6.) Additionally, the members of the institutions have filed certifications along with their motions. *See* Josefson/Berger Decl. Ex. A. (Dkt. 21-3.)[4]

---

[3] The notice indicates that Bernstein Litowitz filed an action on behalf of Cleveland Bakers and Teamsters Pension Fund, and identified the case as *Cleveland Bakers and Teamsters Pension Fund v. Lamb Weston Holdings, Inc.*, No. 24-cv-282 (D. Idaho).

[4] The Pension Funds also complied with these requirements. (Dkt. 22.) Gilden Decl. Ex. A. (Dkt. 22-3.)

**MEMORANDUM DECISION AND ORDER - 10**

B.   *Largest Financial Interest*

PSLRA's requirement that the presumptive lead plaintiff have the "largest financial interest in the relief sought by the class" means the district court must compare the financial stakes of the various plaintiffs and determine which plaintiff has the most to gain from the lawsuit. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

The Ofi Funds claim aggregate losses exceeding $1.5 million dollars on their Class Period purchases of Lamb Weston common stock. (Josefson/Berger Decl., Exs. A & B. (Dkt. 21-3, 21-4.) That the Ofi Funds seek appointment of multiple plaintiffs (an asset management fund and a pension fund) as a collective group does not run afoul of the PSLRA. *See, e.g., In re Cavanaugh*, 306 F.3d 726, 731 (9th Cir.2002). In contrast, the Pension Funds claim aggregate losses of $1,019,315.00 on their Class Period purchases of Lamb Weston common stock. Gilden Decl. Ex. B. (Dkt. 22-4.) The Pension Fund has conceded they do not have the largest financial interest in the action. Additionally, the Pension Funds state that the Ofi Funds are otherwise qualified to serve as lead plaintiff. In the event the lead plaintiff is found to be inadequate, the Pension Fund states that they remain willing and able to serve as lead plaintiffs in the action. No opposition to the Ofi Funds as lead plaintiff has been filed.

Based upon the amount of loss suffered by the Ofi Funds, it clearly has the largest financial interest in the relief sought and the most to gain from the lawsuit. The Ofi Funds therefore should be appointed lead plaintiff unless the Court finds that the Ofi Funds do not satisfy the typicality or adequacy requirements. *In re Cavanaugh*, 306 F.3d at 732.

C.     *Rule 23 Requirements*

Rule 23 requires that the Court find that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

The requirements of "typicality" and "adequacy" of representation are the key factors in determining the appropriate lead plaintiff under the PSLRA. *See In re Cavanaugh*, 306 F.3d at 730.

The "typicality requirement" is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The test for typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). In cases arising under the PSLRA, courts have found the typicality requirement satisfied when the lead plaintiff's alleged injuries arise from "the same course of conduct complained of by the other plaintiffs and his causes of actions are founded on similar legal theories." *Schonfield v. Dendreon Corp.*, 2007 WL 2916533, *4 (W.D. Wash. Oct. 4, 2007).

The Court finds the Ofi Funds satisfy the typicality requirement, because it purchased Lamb Weston common stock during the Class Period in reliance on Defendants' alleged misrepresentations and thereafter suffered damages. The Ofi Funds'

**MEMORANDUM DECISION AND ORDER - 12**

losses arise from the same course of conduct complained of by the other plaintiffs. Additionally, there is no evidence that the Ofi Funds are subject to any unique defenses that relate to the claims made in the Complaint.

The adequacy requirement is satisfied "if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Richardson v. TVIA, Inc.*, 2007 WL 1129344, *4 (N.D. Cal. 2007). The Ofi Funds' interests appear aligned with those of the other class members and there is no evidence of conflict between the representative and class interests. In reviewing the record, it also appears the Ofi Funds have retained qualified and experienced attorneys. *See* Josefson/Berger Decl. Exs. E, F. (Dkt. 21-7, 21-8.) Moreover, each of the investors has certified that it has (1) reviewed the complaint in the action and adopted the allegations; (2) not purchased Lamb Weston stock in order to participate in the litigation; and (3) is willing to serve as a representative party on behalf of the class. Josefson/Berger Decl. Ex. A, B. (Dkt. 21-3, 21-4.)

Because the Ofi Funds satisfy the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court will approve their appointment as the presumptive lead plaintiff.

### D. *Selection of Counsel*

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Ofi Funds have requested that the Court approve its selection of Bernstein Litowitz and Grant & Eisenhofer to serve as lead counsel.

**MEMORANDUM DECISION AND ORDER - 13**

The Ofi Funds submit that Bernstein Litowitz and Grant & Eisenhofer are highly qualified litigators with extensive experience in prosecuting complex securities actions. *See* Josefson/Berger Decl. Exs. E, F. (Dkt. 21-7, 21-8.) Having reviewed the firms' resumes, the Court finds that Bernstein Litowitz and Grant & Eisenhofer are both sufficiently qualified and experienced to serve, respectively, as lead counsel.

The Court will recommend approval of the lead plaintiff's selection of counsel, Bernstein Litowitz and Grant & Eisenhofer, and their selection of Nevin Benjamin as Liaison Counsel.

## CONCLUSION

For the foregoing reasons, Ofi Invest Asset Management, on behalf of Ofi Invest Actions Amérique, and Oklahoma Police Pension and Retirement System are appointed lead plaintiff and the two law firms Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. will be appointed as co-lead counsel for the Class; and Nevin, Benjamin & McKay, LLP will be approved as Liaison Counsel.

The parties shall meet and confer on a schedule to file a consolidated or amended complaint, or designation of an operative complaint, and for Defendants' responses thereto, no later than December 13, 2024.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Motion of Ofi Invest Asset Management, on Behalf of Ofi Invest Actions Amérique, and Oklahoma Police Pension and Retirement System For Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Their Selection of Lead Counsel (Dkt. 21) is **GRANTED**, and the law firms of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Grant & Eisenhofer P.A. ("Grant & Eisenhofer") are approved as Co-Lead Counsel for the Class, and the law firm of Nevin, Benjamin & McKay, LLP is approved as Liaison Counsel;

2) The Motion of The Pension Funds For Appointment as Lead Plaintiff, Approval of Selection of Counsel, and Consolidation of Related Actions (Dkt. 22, Case No. 1:24-cv-00282-AKB-CWD; and (Dkt. 3, Case No. 1:24-cv-00350-AKB-CWD) is **GRANTED IN PART AND DENIED IN PART**.

3) The Clerk is further ordered that the following two cases: *Cleveland Bakers and Teamsters Pension Fund v. Lamb Weston Holdings, Inc., Thomas P. Werner and Bernadette M. Madarieta*, 1:24-cv-00282-AKB-CWD, and *West Palm Beach Firefighters' Pension Fund et al v. Lamb Weston Holdings, Inc., Thomas P. Werner and Bernadette M. Madarieta*, 1:24-cv-00350-AKB-CWD, shall be consolidated for all purposes and remain before the Court in 1:24-cv-00282-AKB-CWD;

**MEMORANDUM DECISION AND ORDER  - 15**

4) The parties are ordered to submit any and all future filings only in Case No. 1:24-cv-00282-AKB-CWD, which will be the LEAD CASE.

5) The Clerk of the Court is directed to place a signed copy of this order in the file of Case No. 1:24-cv-00350-AKB-CWD.

6) The parties shall meet and confer on a schedule to file a consolidated or amended complaint, or designation of an operative complaint, and for Defendants' responses thereto, no later than December 13, 2024.

Dated: **November 12, 2024**

Candy W. Dale
United States Magistrate Judge