# Exhibit A

Scott McKay (ISB #4309)
Nathan Pittman (ISB #9430)
**NEVIN, BENJAMIN & MCKAY LLP**
303 W. Bannock Street
Boise, ID 83702
Tel.: (208) 343-1000
Fax: (208) 345-8274
Email: smckay@nbmlaw.com
Email: npittman@nbmlaw.com

*Local Counsel for Lead Plaintiffs Ofi Invest
Asset Management, on behalf of Ofi Invest
Actions Amérique, and Oklahoma Police
Pension and Retirement System, and the Class*

[Additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| OFI INVEST ASSET MANAGEMENT, ON BEHALF OF OFI INVEST ACTIONS AMÉRIQUE, and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LAMB WESTON HOLDINGS, INC., THOMAS P. WERNER, and BERNADETTE M. MADARIETA,<br><br>Defendants. | Case No. 1:24-cv-00282-DCN |

## PLAINTIFFS' SUR-REPLY IN FURTHER RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs respectfully submit this sur-reply in further response to Defendants' motion to dismiss and to address three new arguments asserted by Defendants for the first time in their reply brief (the "Reply") (ECF No. 83).[1]

***First***, Defendants argue that Plaintiffs have no standing to assert claims based on statements made during the Class Period but after Plaintiffs' last purchases of Lamb Weston stock. Reply at 19 ("any purportedly misleading statement made (on any topic) after May 6, 2024, must be dismissed because Plaintiffs could not have relied on them and lack standing as a matter of law."). This argument is inconsistent with Ninth Circuit law. In *Melendres v. Arpaio*, the Court of Appeals explained that if a named plaintiff sought "the same type of relief or [suffered] the same kind of injury" as the unnamed class members, it has standing to bring claims on behalf of the entire class. 784 F.3d 1254, 1263 (9th Cir. 2015). Courts have applied *Melendres* and other Ninth Circuit precedent to reject the argument that statements in securities class actions are "not actionable because they were made after the plaintiffs had purchased their shares." *Ferris v. Wynn Resorts Ltd.*, 2021 WL 3216462, at *13 (D. Nev. July 28, 2021); *see also York Cnty. on Behalf of Cnty. of York Ret. Fund v. HP Inc.*, 738 F. Supp. 3d 1182, 1197-98 (N.D. Cal. 2024) ("Although [lead plaintiff] could not pursue individual claims based upon Defendants' representations in 2016, whether [lead plaintiff] can pursue class claims for those representations is a question of adequacy, not standing.").

The overwhelming weight of authority rejects Defendants' argument. Plaintiffs purchased shares at various points during the Class Period and can bring claims on ***behalf of the class*** for the entire Class Period, even if they did not purchase shares after each false statement. *See, e.g.*, *In re*

---

[1] Undefined terms have the same meaning as they have in Plaintiffs' Response to Defendants' Motion to Dismiss (ECF No. 82).

*VeriSign, Inc. Secs. Litig.*, 2005 WL 88969, at *4 (N.D. Cal. Jan. 13, 2005) ("Simply because certain class members were injured by misrepresentations that came after the Lead Plaintiffs had already acquired VeriSign stock does not mean that the Lead Plaintiffs cannot represent the class."); *Hoexter v. Simmons*, 140 F.R.D. 416, 422 (D. Ariz. 1991) ("that later purchasers may have relied on statements made after the last date on which Class representatives purchased shares would not prevent the claims of both groups of purchasers from being brought in one action."); *Gould v. Marlon*, 1987 WL 34631, at *2 (D. Nev. Aug. 29, 1987) ("Defendants argue that certification should be rejected or restricted to the last date of the plaintiff's purchases because subsequent purchasers could have relied on information different than that relied on by plaintiff. Courts, however, have recognized a class period encompassing purchasers relying on different documents at different times, when a common scheme to defraud is alleged to have continued through the period.").[2] Defendants' cited authorities (Reply at 19 n.19) are inapposite. *Hanon v. Dataproducts Corp.* concerned an **individual** action, not a **class** action. 976 F.2d 497 (9th Cir. 1992). And *Kelly v. Elec. Arts., Inc.* is an outlier that predates the Ninth Circuit's *Melendres* decision. 71 F. Supp. 3d 1061 (N.D. Cal. 2014).

---

[2] Courts outside of the Ninth Circuit are also in accord. *See Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 372 F. Supp. 3d 1139, 1150 (D. Colo. 2019) ("Plaintiffs have adequately pled individual standing for their own claims occurring within the putative class period. This suffices, at this juncture in the proceedings, for Plaintiffs to have standing to assert claims on behalf of the entire class[.]"); *In re Internap Network Servs. Corp. Sec. Litig.*, 2012 WL 12878579, at *2 (N.D. Ga. Aug. 23, 2012) ("anyone who purchased stock after the first set of statements has standing to represent" the class); *In re Telxon Corp. Sec. Litig.*, 2001 WL 37161837, at *8 (N.D. Ohio Sept. 19, 2001) ("Many courts have held, moreover, that, when plaintiffs are alleging a 'common scheme to defraud' or a continuous course of conduct in a securities case, lead plaintiffs have standing to prosecute claims on behalf of later-purchasing plaintiffs."); *Robbins v. Moore Med. Corp.*, 788 F. Supp. 179, 187 (S.D.N.Y. 1992) ("[O]ther courts have ruled that class representatives are entitled to assert § 10(b) claims arising from statements made both before and after the purchase date if the statements allegedly were made in the furtherance of a common scheme to defraud.").

***Second***, Defendants' Reply introduced the recent decision from *Shnayder v. Allbirds*, 2025 WL 1745596, at \*20 (N.D. Cal. June 23, 2025)—which was issued only after Plaintiffs filed their opposition brief—and use it to repeatedly misstate the Ninth Circuit's scienter standard. Contrary to Defendants' assertion (Reply at 6), *Allbirds* did ***not*** involve "substantially similar allegations." To start, the Complaint here does not allege that Defendants knew their statements were false merely because they were "hands on." Reply at 6. The Complaint alleges that Defendants were directly informed of the problems facing the ERP system both before ***and*** after its launch (*see, e.g.*, ¶¶71–79, 81, 85–92, 96–98, 101–103, 119, 261–264, 267, 271–272), including based on statements from numerous senior-level former executives. Here, the Complaint's allegations provide much more detail than the confidential witnesses in *Allbirds*, debunking Defendants' counter-factual narrative (Reply at 6) that they made an innocent mistake. The Complaint alleges precisely the opposite—for instance, Defendant Madarieta deliberately doctored presentations made to Lamb Weston's Board of Directors to conceal the true state of the ERP implementation. ¶¶11, 96. Try as they might, Defendants cannot spin their fraud into mere misplaced optimism.

Defendants' Reply further leverages *Allbirds* to misstate the Ninth Circuit's scienter standard—asserting for the first time that the Supreme Court's decision in *Tellabs* undid years of Ninth Circuit precedent, and that "more recent" authority requires insider sales (or some other direct financial motive) to allege scienter. Reply at 2–3. This is incorrect—a finding of scienter, particularly at the pleading stage, does not require motive.[3] Defendants rely heavily on *Nguyen v.*

---

[3] Courts in the Ninth Circuit routinely (even after *Nguyen* and *Prodanova*) find scienter without allegations of stock sales (and often without any motive allegations whatsoever). *See, e.g.*, *In re Doximity, Inc. Sec. Litig.*, 2025 WL 1449598 (N.D. Cal. May 13, 2025); *SEB Inv. Mgmt. AB v. Wells Fargo & Co.*, 742 F. Supp. 3d 1003 (N.D. Cal. 2024); *Jaeger v. Zillow Grp., Inc.*, 644 F. Supp. 3d 857 (W.D. Wash. 2022); *Oh v. Hanmi Fin. Corp.*, 621 F. Supp. 3d 1075, 1089 (C.D. Cal. 2022). Indeed, the same judge who issued the *Allbirds* opinion previously found scienter ***without***

3

*Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020) and *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1103 (9th Cir. 2021), but just *two months after Prodanova*, the Ninth Circuit held explicitly that insider sales "are *not* a sine qua non for" establishing scienter. *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 707 (9th Cir. 2021). Just this month, the Ninth Circuit reversed a district court that had dismissed a complaint for lack of "plausible motive," and found that the former employee reports were sufficient to establish that defendants had at least "recklessly misled" investors. *See Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.*, 2024 WL 2107383 (C.D. Cal. Mar. 18, 2024), *reversed in part by Sylebra Cap. Partners Master Fund Ltd. v. Everbridge, Inc.*, 2025 WL 1938359, at \*9 (9th Cir. July 15, 2025). This Court should reject Defendants' invitation to error.

*Third*, the Reply misstates and outright ignores the Complaint's actual allegations concerning Defendants' false statements made after the third quarter of 2024. Defendants argue for the first time on reply that their post-third quarter statements are not false because they never represented that the impact of the ERP transition was cabined to the second quarter. S*ee* Reply at 11 (quoting ¶189). Defendants are wrong. The Complaint alleges that on April 4, 2024, in reporting the Company's second-quarter results in a press release issued *during the third quarter*, Defendant Werner stated: "While we are disappointed *with the magnitude of the ERP transition's effect on the [second] quarter* . . . we believe *the impact is behind us*." ¶219. That clearly conveyed to investors that the ERP transition's "impact," as a whole, would not affect the third quarter. ECF No. 82 at 7–8. Then, in reporting third-quarter results on July 24, 2024, Werner stated, "With respect to the ERP transition, *the issues we experienced* that affected our third quarter order fill

---

*any* insider trading and while rejecting pled motive allegations. *See Ohio Public Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2024 WL 4353049 (N.D. Cal. Sept. 30, 2024).

rates *were temporary and contained in that quarter*." ¶228. This similarly represented not only that the "order fill rates" themselves had ended by that date, but that *"the issues" that caused them* had too. That was false, as Werner knew at the time. ECF No. 82 at 8.

Defendants' motion to dismiss should be denied. If the Court grants any part of the motion, Plaintiffs respectfully request leave to amend. *See* ECF No. 82. at 40.

Dated: July 30, 2025                                        Respectfully Submitted,


                                                           */s/ Scott McKay*
                                                           Scott McKay (ISB#4309)
                                                           Nathan Pittman (ISB#9430
                                                           **NEVIN, BENJAMIN & MCKAY LLP**
                                                           303 W. Bannock
                                                           Boise, ID 83702
                                                           Tel.: (208) 343-1000
                                                           Fax: (208) 345-8274
                                                           smckay@nbmlaw.com
                                                           npittman@nbmlaw.com

                                                           *Local Counsel for Plaintiffs and the Class*

                                                           Salvatore J. Graziano (*pro hac vice*)
                                                           Jeroen van Kwawegen (*pro hac vice*)
                                                           James A. Harrod (*pro hac vice*)
                                                           Katherine Sinderson (*pro hac vice*)
                                                           Alexander M. Noble (*pro hac vice*)
                                                           Mathews R. de Carvalho (*pro hac vice*)
                                                           **BERNSTEIN LITOWITZ BERGER &
                                                           GROSSMANN LLP**
                                                           1251 Avenue of the Americas, 44th Floor
                                                           New York, NY 10020
                                                           Tel: (212) 554-1903
                                                           Fax: (212) 554-1444
                                                           salvatore@blbglaw.com
                                                           jeroen@blbglaw.com
                                                           jim.harrod@blbglaw.com
                                                           katiem@blbglaw.com
                                                           alexander.noble@blbglaw.com
                                                           mathews.decarvalho@blbglaw.com

5

Karin E. Fisch (*pro hac vice*)
James S. Notis (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
Cecilia E. Stein (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
kfisch@gelaw.com
jnotis@gelaw.com
vpontrello@gelaw.com
cstein@gelaw.com

*Counsel for Lead Plaintiffs and Lead Counsel for the Class*

Frank R. Schirripa (*pro hac vice*)
**HACH ROSE SCHIRRIPA & CHEVERIE LLP**
112 Madison Avenue, 10th Floor
New York, NY 10016
Tel.: (212) 213-8311
Fax: (212) 779-0028
fschirripa@hrsclaw.com

*Counsel for Plaintiff Cleveland Bakers and Teamsters Pension Fund*

6

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. Copies of the document will be served on all counsel of record automatically by operation of the Court's CM/ECF filing system.

/s/ Scott McKay
Scott McKay