Lynnette M. Davis (ISB #5263)
Tyler J. Anderson (ISB #6632)
**HAWLEY TROXELL**
877 W. Main Street, Suite 200
Boise, ID 83702
Telephone: (208) 344-6000
Facsimile: (208) 954-5213
ldavis@hawleytroxell.com
tanderson@hawleytroxell.com


*Attorneys for Defendants Lamb Weston
Holdings, Inc., Thomas P. Werner, and
Bernadette M. Madarieta*

John E. Schreiber (*pro hac vice*)
Jeffrey L. Steinfeld (*pro hac vice*)
**WINSTON & STRAWN LLP**
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
JSchreiber@winston.com
JLSteinfeld@winston.com

James F. Herbison (*pro hac vice*)
Michael P. Mayer (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
JHerbison@winston.com
MMayer@winston.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OFI INVEST ASSET MANAGEMENT, ON BEHALF OF OFI INVEST ACTIONS AMERIQUE, and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>LAMB WESTON HOLDINGS, INC., THOMAS P. WERNER, and BERNADETTE M. MADARIETA,<br><br>      Defendants. | Case No. 1:24-cv-00282-DCN<br><br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO FILE SUR-REPLY [DKT. 84]** |

### I.    THE SUR-REPLY IS IMPROPER AND SHOULD BE REJECTED

As this Court has stated, "sur-replies—in any context—are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Miesen v. Hawley Troxell Ennis & Hawley*, 2025 WL 1518858, at *2 (D. Idaho May 27, 2025) (Nye, J.) (internal quotation marks omitted). *See also Andrianumearisata v. EEOC*, 2021 WL 5702155, at *2 (D. Idaho Dec. 1, 2021) (Nye, J.) ("There is no allowance in [Local Rule 7.1] for plaintiffs to file a sur-reply or motion in opposition to a reply brief. … Because [plaintiff] had already filed a response opposing the Motion to Dismiss …, [plaintiff's] Sur-Reply … is stricken.") (internal citations omitted). That is precisely what Plaintiffs attempt to do here. They erroneously argue that Defendants made "new" arguments in their Reply (Dkt. 83). But "[a] reply necessarily raises facts and issues, for the first time, that are germane to the opposition," which is exactly what Defendants did. *Miesen*, 2025 WL 1518858, at *4 (internal quotation marks omitted).

*First*, Plaintiffs assert that Defendants did not dispute the meaning of certain ERP-related statements in their moving brief but only for the first time in reply. Dkt. 84-1 ("Sur-Reply") at 4–5. Not so. In their moving brief, Defendants argued that they "disclosed precisely what Plaintiffs claim was concealed, that the third quarter was not trending well because of the inventory visibility issues." Mot. at 20–22; *see also id.* at 24–27 ("The allegations that Lamb Weston must have known that the inventory visibility and order fulfillment rate issues would affect results for the fourth fiscal quarter and later periods … are conclusory. … To the extent those issues did affect future results, it was because, as the Company disclosed, Lamb Weston lost some market share when customers affected by the fulfillment issues switched to competitors."); Mot., Ex. B at 2. That is the same point Defendants made in their Reply. *See* Reply at 11.

*Second*, Plaintiffs contend that Defendants' citation to *Shnayder v. Allbirds*, 2025 WL 1745596 (N.D. Cal. June 23, 2025), is somehow improper and warrants a sur-reply. *See* Sur-Reply at 3–4. That is wrong. The reason *Allbirds* was not cited in Defendants' moving brief is because it was not decided until *after* the Motion (Dkt. 66) was filed, which Plaintiffs acknowledge. *See* Dkt. 84 at 1 (suggesting that Defendants improperly cited *Allbirds* "for the first time" on reply but

admitting that the "decision was issued *after* Plaintiffs filed their opposition to Defendants' motion") (emphasis original). This provides no basis for a sur-reply. Nor are the scienter arguments Defendants made on reply "new"—they were in Defendants' moving papers. *See* Mot. at 34–40. *Allbirds* simply underscores the insufficiency of Plaintiffs' allegations.

*Finally*, Plaintiffs claim Defendants made a new Article III standing argument not originally raised in the Motion. *See* Sur-Reply at 1–2. On the contrary, both the Motion and the Reply challenged the actionability of all statements made after Plaintiffs' last purchase date, May 6, 2024. *See* Mot. at 24–27, 28–33 (challenging statements made in July and October 2024); Mot., Ex. D at 6–9 (same); Reply at 19. Defendants' argument is based on the obvious lack of reliance—an essential element of Section 10(b)—not Article III.

For these reasons, Plaintiffs' motion for leave to file a sur-reply should be denied, as it is merely a thinly veiled attempt "to have the last word" and improperly cites cases that were available at the time Plaintiffs filed their Opposition. *Miesen*, 2025 WL 1518858, at *2; *see Gauthier v. Twin City*, 2015 WL 12030097, at *1 (W.D. Wash. July 15, 2015) ("citation to law issued well before th[e] case was filed" rendered sur-reply "improper"); *Lang v. State of Cal.*, 1994 WL 28037, at *2 (N.D. Cal. Jan. 26, 1994) (finding that "plaintiff's [sur-reply] arguments should have been made in his original opposition" because "[t]here was no new development in the law" and "the most recent case cited was from [three years prior]").[1]

## II.    EVEN IF CONSIDERED, PLAINTIFFS' SUR-REPLY DOES NOT SAVE THEIR CLAIMS

As set forth above, the Court should deny the motion and disregard Plaintiffs' unauthorized sur-reply, in which case it can stop reading here. But even if the Court were to grant the motion and consider the sur-reply, it would not change the outcome: Plaintiffs' claims must be dismissed.

*First*, Plaintiffs argue that the Reply "misstates" the Complaint's "allegations concerning" Defendants' "statements made after the third quarter of 2024," which Plaintiffs characterize as

---

[1] Indeed, all but one of the cases on which Plaintiffs rely in their unauthorized sur-reply were decided *before* their Opposition was filed. Because these arguments and authorities were available to Plaintiffs when they filed their Opposition, the failure to raise them constitutes waiver. *See, e.g.*, *Goldstein v. Exxon*, 2018 WL 5849930, at *2 (C.D. Cal. Aug. 13, 2018).

assurances by Defendants that *all* issues related to the ERP transition "*as a whole*" were behind them. Sur-Reply at 4–5 (emphasis added). Here again, Plaintiffs misleadingly use ellipses to obscure the statement's limited context. *Id.* (modified quoted: "[w]hile we are disappointed with the magnitude of the ERP transition's effect on the second quarter **. . .** we believe the impact is behind us.") (emphasis added). But the full statement makes clear that it was limited to the topic of "order fulfillment rates," not all ERP-related issues "as a whole":

> The ERP transition temporarily *reduced the visibility of finished goods inventories* located at distribution centers, which *affected our ability to fill customer orders*. In turn, this pressured sales volume and margin performance. While we are disappointed with the magnitude of the ERP transition's effect on the quarter, after implementing systems adjustments and modifying processes, we believe the impact is behind us *as our order fulfillment rates have normalized*. ¶219 (emphasis added).

Not only did Defendants dispute the import of these statements in the Motion (*see* Mot. at 20–22, 24–27; Mot., Ex. B at 2), but recent authority issued after the Reply reaffirms that these kinds of statements are not actionable because *courts must view statements in their full context*, not limit themselves to misleadingly spliced excerpts presented by plaintiffs. *See In re Intel Corp. Sec. Litig.*, 2025 WL 2092044, at *11–12 (N.D. Cal. July 23, 2025) (alleged misleading statements regarding new initiative not actionable where plaintiffs cherry-picked partial statements while "omit[ting] the context"); *In re UiPath, Inc. Sec. Litig.*, 2025 WL 2065093, at *11, 19 (S.D.N.Y. July 23, 2025) (rejecting plaintiff's attempt to "strain [defendant's] statement well beyond its language and context" and stressing that "Court must consider the statement's broader context").

*Second*, with respect to scienter, Plaintiffs wrongly attempt to paint *Allbirds* as an outlier that involved less serious allegations than those here because Defendants were purportedly "directly informed of the problems facing the ERP" transition. Sur-Reply at 3–4. But substantially identical allegations were made in *Allbirds*. *See Allbirds*, 2025 WL 1745596, at *21 (CWs reported that "before and during the Class Period," defendants "attended countless meetings during which they were informed that apparel had quality and fit issues, apparel did not resonate with customers, retail stores struggled to sell apparel and had excess inventory, [and the] retail fleet was not profitable"). The plaintiffs in *Allbirds* also alleged the same types of other scienter evidence relied

3

on here (CWs, defendants' positions within the company and personal involvement in the business transition, and personnel changes), *plus* insider stock sales (which are notably absent here). Yet all of these allegations, even considered as a whole, were *still* insufficient to plead scienter in *Allbirds*. *Id.* at *24.

Decisions issued after the Reply reflect a nationwide consensus that these types of scienter allegations are insufficient. *See UiPath*, 2025 WL 2065093, at *12–16 (scienter allegations insufficient because plaintiffs failed to allege motive, which requires "a concrete and personal benefit to the individual defendants *resulting from the fraud*"; in absence of motive, allegations that (i) defendants had "access to real-time information" purportedly contradicting public statements, (ii) CEO's departure was "[s]uspiciously timed," and (iii) "turnaround strategy [was] at the core of [defendant's] business," were insufficient even taken together); *Meade v. Lincoln*, 2025 WL 2087783, at *7–8 (E.D. Pa. July 24, 2025) (finding "four categories of scienter" allegations—individually and holistically—insufficient to meet "onerous" scienter pleading standard:  (i) "defendants had access to information contradicting their public statements"; (ii) defendants had knowledge that "sounded alarm bells"; (iii) defendants' statements were responses to "specific" analyst inquiries; and (iv) short "temporal proximity" between the statements and the corrective disclosure).

Plaintiffs' reliance on *Sylebra v. Everbridge* does not help them. For starters, the decision begins with the disclaimer that it "*is not appropriate for publication and is not precedent*." *Sylebra v. Everbridge*, 2025 WL 1938359 (9th Cir. July 15, 2025). It is also readily distinguishable.[2] Plaintiffs' other authority, which predates their Opposition and is therefore

---

[2] *Sylebra* involved 16 CWs who reported facts "in detail" about the company's fraudulent financial reporting, including that revenue from a merger should have been reported as "$20-25 million" instead of the "$9-11 million" disclosed "to its investors." 2025 WL 1938359, at *1; *see also Sylebra v. Everbridge*, 2024 WL 2107383, at *7 (C.D. Cal. Mar. 18, 2024) (noting the 16 CWs). Further, although the Ninth Circuit found that plaintiff had sufficiently plead scienter with respect to such revenue statements, it held that plaintiffs' allegations were *insufficient* to support scienter "with regard to [defendant's] statements about its general acquisition strategy and its motivations for acquiring [target companies]." *Id.* at *1–2.

4

waived (*see supra* n.1), is also unpersuasive.[3]

*Finally*, Plaintiffs misapprehend Defendants' reliance argument and focus instead on whether they have Article III standing to bring their claims. But Article III standing is not at issue. The issue is whether Plaintiffs can satisfy reliance, an essential element of 10b-5. *See Halliburton v. Erica P.*, 573 U.S. 258, 267 (2014) (under "section 10(b) and Rule 10b-5, a plaintiff must prove … reliance upon the misrepresentation or omission," *i.e.*, "[t]he reliance element"). *Kelly v. Elec. Arts*, decided after the Supreme Court's unambiguous holding in *Halliburton* (and which Plaintiffs incorrectly label an "outlier"), makes the distinction clear. *See* 71 F. Supp. 3d 1061, 1069–70 (N.D. Cal. 2014) (noting difference between "Article III injury-in-fact" and "the issue" of "whether lead plaintiffs could have relied on defendants'" statements made after they purchased and finding that, "[b]ecause lead plaintiffs cannot plead Section 10(b) reliance as to the five purported misstatements that post-date their EA stock purchase, those statements are inactionable as a matter of law"); Sur-Reply at 2. Here, Plaintiffs concede they cannot satisfy reliance, and therefore any statements made after May 6, 2024, must be dismissed.[4]

---

[3] *See In re Doximity*, 2025 WL 1449598, at *9 (N.D. Cal. May 13, 2025) (scienter adequately alleged where defendant "repeatedly told investors that over 80% of U.S. doctors were active members of [company] platform" despite being "personally aware of" company dashboard reflecting contrary data); *SEB v. Wells Fargo*, 742 F. Supp. 3d 1003, 1021–23 (N.D. Cal. 2024) (scienter adequately alleged where defendants not only "regularly reviewed, monitored, and discussed diversity initiatives," but also "received direct notice of [] sham interviews" intended to satisfy such initiatives and "ha[d] financial or reputational incentives to make misleading statements," which also led to an "uncharacteristic," "suspicious" resignation); *Jaeger v. Zillow*, 644 F. Supp. 3d 857, 874–75 (W.D. Wash. 2022) (scienter adequately alleged where CWs reported "massive initiative that was known across the entire company" to address missed goals with respect to a business platform that comprised 60% of company's revenue and was "a core operation"); *Oh v. Hanmi*, 621 F. Supp. 3d 1075, 1088–89 (C.D. Cal. 2022) (scienter sufficiently alleged when "Defendants committed multiple GAAP violations throughout the class period," senior officers were "directl[y] involve[d] in the production of false accounting statements," and "executives were motivated to hide [troubled loans] from investors because their compensation was tied to [company's] nonperforming asset ratio"); *Ohio Pub. v. Meta*, 2024 WL 4353049, at *15–17 (N.D. Cal. Sept. 30, 2024) (scienter *not* adequately alleged against certain defendants despite claims they "were personally involved in [company initiative]," had "access to internal data," and were motivated by "desire to maximize [company] profitability").

[4] Plaintiff's primary authority on this point, *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015), is inapposite. *Melendres* has nothing to do with reliance, Section 10(b), or the federal securities laws. *Ferris v. Wynn* is likewise inapposite. 2021 WL 3216462 (D. Nev. July 28, 2021) (holding that "[a]s a matter of law, conduct actionable under Rule 10b-5 must occur before investors purchase the securities," but nevertheless considering later-made statements as "part of a common

(continued…)

81800.0126.4907-7992-8155.1

DATED: August 6, 2025                    Respectfully submitted,

                                         LAMB WESTON HOLDINGS, INC.

                                         */s/ Lynnette M. Davis*
                                         Lynnette M. Davis (ISB #5263)
                                         Tyler J. Anderson (ISB #6632)
                                         **HAWLEY TROXELL**
                                         877 W. Main Street, Suite 200
                                         Boise, ID 83702
                                         Telephone: (208) 344-6000
                                         Facsimile: (208) 954-5213
                                         ldavis@hawleytroxell.com
                                         tanderson@hawleytroxell.com

                                         John E. Schreiber (admitted *pro hac vice*)
                                         Jeffrey L. Steinfeld (admitted *pro hac vice*)
                                         **WINSTON & STRAWN LLP**
                                         333 S. Grand Avenue, 38th Fl.
                                         Los Angeles, CA 90071-1543
                                         Telephone: (213) 615-1700
                                         Facsimile: (213) 615-1750
                                         JSchreiber@winston.com
                                         JLSteinfeld@winston.com

                                         *Attorneys for Defendants*
                                         *Lamb Weston Holdings, Inc., Thomas P.*
                                         *Werner, and Bernadette M. Madarieta*

---

course of conduct"). The remainder of Plaintiffs' authorities are likewise about Article III standing—not Section 10(b) or reliance—or were decided well before the Supreme Court's binding precedent in *Halliburton.* For example, *VeriSign*, 2005 WL 88969 (N.D. Cal. Jan. 13, 2005), *Hoexter v. Simmons*, 140 F.R.D. 416 (D. Ariz. 1991), and *Gould v. Marlon*, 1987 WL 34631 (D. Nev. Aug. 29, 1987), were decided up to 27 years before *Halliburton. See also York Cnty. v. HP*, 738 F. Supp. 3d 1182 (N.D. Cal. 2024) (solely addressing Article III standing, not reliance). The same is true with Plaintiffs' out-of-circuit authority. *See In re Internap*, 2012 WL 12878579 (N.D. Ga. Aug. 23, 2012) (predates *Halliburton*); *In re Telxon*, 2001 WL 37161837 (N.D. Ohio Sept. 19, 2001) (same); *Robbins v. Moore*, 788 F. Supp. 179 (S.D.N.Y. 1992) (same); *Peace Officers v. DaVita*, 372 F. Supp. 3d 1139 (D. Colo. 2019) (deals solely with Article III standing).

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this August 6, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system. Copies of the document will be served on all counsel of record automatically by operation of the Court's CM/ECF filing system).

DATED: August 6, 2025

*/s/ Lynnette M. Davis*
Lynnette M. Davis

*One of the Attorneys for Defendants Lamb Weston Holdings, Inc., Thomas P. Werner, and Bernadette M. Madarieta*