Scott McKay (ISB #4309)
Nathan Pittman (ISB #9430)
**NEVIN, BENJAMIN & MCKAY LLP**
303 W. Bannock Street
Boise, ID 83702
Tel.: (208) 343-1000
Fax: (208) 345-8274
smckay@nbmlaw.com
npittman@nbmlaw.com

*Local Counsel for Lead Plaintiffs and the Class*

[Additional counsel listed on signature pages]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| OFI INVEST ASSET MANAGEMENT, ON BEHALF OF OFI INVEST ACTIONS AMÉRIQUE, and OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>      v.<br><br>LAMB WESTON HOLDINGS, INC., THOMAS P. WERNER, and BERNADETTE M. MADARIETA,<br><br>          Defendants. | Case No.: 1:24-cv-00282-DCN<br><br>CLASS ACTION<br><br>**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO FILE A SUR- REPLY** |

Plaintiffs submit this reply in support of their Motion for Leave to File Sur-Reply (ECF No. 84), to address arguments raised in Defendants' response (ECF No. 85, "Response").

## I. PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE A SUR-REPLY TO ADDRESS NEW ARGUMENTS BELATEDLY RAISED BY DEFENDANTS

Rather than limiting their response to why Plaintiffs should not be granted leave to file a sur-reply, Defendants' Response continues to litigate the merits of their motion to dismiss, and ***once again*** introduces new case law that compel this reply. After substituting in new counsel, Defendants' reconstituted legal team filed a reply brief in support of their Motion to Dismiss (EFC No. 83, the "MTD Reply") that asserted three new arguments not made in their opening papers. Plaintiffs should be permitted to respond to those ***new*** arguments with a sur-reply (ECF No. 84-1, the "Sur-Reply"). *See Ocampo v. Corizon, LLC,* 2019 WL 1495251, at *3 (D. Idaho Apr. 4, 2019); *see also GT Nexus, Inc. v. Inttra, Inc.,* 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014).[1]

*First*, Defendants argued for the first time in the MTD Reply that Plaintiffs' claims based on Defendants' post-May 6, 2024 statements should be dismissed because Plaintiffs purportedly "could not have relied on them and ***lack standing as a matter of law***." MTD Reply at 19.[2] Notably, Defendants' MTD Reply labeled this new standing argument as an "independent basis" for the dismissal of claims for misrepresentations made after May 6, 2024. No argument based on either standing ***or*** reliance was even mentioned in Defendants' opening Motion to Dismiss brief

---

[1] Defendants' reliance on *Miesen v. Hawley Troxell Ennis & Hawley, LLP*, 2025 WL 1518858 (D. Idaho May 27, 2025) is misguided. There, this Court denied the motion to file a sur-reply because no new arguments were raised on reply: "Defendants' arguments on Reply all directly relate[d] to points [plaintiff] argued in his Response." *Id.* at *3. Here, Defendants raised arguments or authority that appeared nowhere in their motion to dismiss and Plaintiffs therefore could not have addressed them in their opposition. Defendants also mischaracterize the Court's decision in *Andrianumearisata v. EEOC*, 2021 WL 5702155, at *2 (D. Idaho Dec. 1, 2021), which struck the plaintiff's sur-reply because the plaintiff did not seek leave to file it. That does not apply here.
[2] Defendants' opposition once again moves the goalposts, disclaiming the standing portion of their argument and stating that "standing is not at issue." Response, ECF No. 85 at 2.

(ECF No. 66-1, the "MTD Brief"), so Plaintiffs' opposition (ECF No. 82, the "MTD Opposition") did not address those unraised issues. Defendants do not dispute this. Instead, Defendants now contend (Response at 2) that because their MTD Brief argued that *all* of the alleged false statements (including those after May 6, 2024) should be dismissed on falsity, loss causation, and scienter (*i.e.*, elements *other than* standing or reliance), their *new* standing/reliance argument does not justify a sur-reply. Yet the dates and amounts of all of Plaintiffs' stock transactions were disclosed with the Complaint and known to Defendants *months* prior to briefing the motion to dismiss— Defendants could have raised standing or reliance arguments in their opening motion papers but did not. *See* ECF Nos. 62, 62-1. *See Beckett v. Brinx Res., Ltd.*, 2013 WL 6058487, at *1 (D. Nev. Nov. 14, 2013) (granting plaintiffs leave to file a sur-reply where Defendants raised issue of standing for the first time in their reply brief, noting that Defendants were aware of the details of plaintiffs' stock purchases at the time they filed the motion to dismiss). Plaintiffs should therefore be permitted to respond to the standing or reliance arguments raised by Defendants' MTD Reply.

*Second,* Defendants' argument that *Shnayder v. Allbirds*, 2025 WL 1745596, at *20 (N.D. Cal. June 23, 2025) does not warrant a sur-reply must also be rejected. The inclusion of new case law in a reply that was unavailable when the party filed its brief warrants a sur-reply. *See Liberty Corp. Cap. Ltd. v. Steigleman*, 2020 WL 2097776, at *1 n. 2 (D. Ariz. May 1, 2020) (granting motion to file a sur-reply where reply relied on "substantially new" authority). The *AllBirds* decision was not available until *after* Plaintiffs submitted their MTD Opposition. The MTD Reply not only analogizes Plaintiffs' scienter allegations to those at issue in *Allbirds*, but also relies on *Allbirds* to misstate the controlling requirements for pleading scienter. *See* Sur-Reply at 3.

*Finally*, Defendants' new arguments for dismissal of certain ERP-related statements were not raised in Defendants opening brief, further warranting a sur-reply.

## II.    DEFENDANTS' SUBSTANTIVE ARGUMENTS IN RESPONSE TO PLAINTIFFS' SUR-REPLY FAIL

Much of Defendants' Response is essentially substantive argument in opposition to the arguments in Plaintiffs' proposed Sur-Reply.  Those arguments are procedurally improper but also fail on the merits and require Plaintiffs to respond.

### A.    Post-Purchase Statements Are Actionable Under Ninth Circuit Law

In *Melendres v. Arpaio*, the Ninth Circuit addressed whether a plaintiff needs to have suffered ***wholly identical*** injuries to ***every other*** class member in order to represent the class.  784 F.3d 1254, 1261 (9th Cir. 2015).  Contrary to Defendants' assertions, *Melendres* squarely refutes Defendants' argument that Plaintiffs do not have standing to bring claims on behalf of members of the class who purchased stock based on Defendants' misrepresentations after May 6, 2024.

*Melendres* explicitly adopted the "class certification approach" to standing in class actions. Under the class certification approach, "so long as the named plaintiff has ***a claim***, it has standing to challenge the defendants' common conduct relating to ***'the same type of relief or the same kind of injury'*** as unnamed class members."  *York Cnty. On Behalf of York Ret. Fund v. HP Inc.,* 738 F. Supp. 3d 1182, 1204 (N.D. Cal. 2024) (quoting *Melendres*, 784 F.3d at 1261) (emphasis added). Moreover, *Melendres* explicitly rejected the "standing approach" in which courts "deprived the named plaintiff of standing to obtain relief for the unnamed class member" due to their inability to pursue the class's claims on an individualized basis.  784 F.3d at 1261.  In other words, *Melendres* rejected the analysis employed in *Kelly v. Elec. Arts., Inc.*, 71 F. Supp. 3d 1061 (N.D. Cal. 2014), on which Defendants rely.[3]  The cases cited by Plaintiffs in the Sur-Reply all employ the proper analysis articulated in *Melendres*.  *See* Sur-Reply at 1–2.

---

[3] Courts in this Circuit have held that such challenges regarding standing are better resolved at the class certification stage.  *See Ferris v. Wynn Resorts Ltd.*, 2021 WL 3216462, at *13 (D. Nev. July

3

The analysis in *Melendres* is directly applicable to the issue of reliance under Section 10(b), and has been applied in several securities fraud actions to address a named plaintiff's ability to bring a claim on behalf of a class of purchasers. *See* Sur-Reply at 1–2. Plaintiffs can pursue claims based on Defendants' post-May 6, 2024 statements because those statements are directly related to Defendants' misrepresentations earlier in the Class Period. *See Ferris*, 2021 WL 3216462, at *13 (rejecting identical argument that post-purchase statements were inactionable for **lack of reliance** because plaintiffs alleged "a 'common course of conduct' . . . where 'misrepresentations are interrelated, interdependent, and cumulative'") (internal quotation omitted).

### B.     Defendants Misstate the Scienter Standard In This Circuit

For the reasons stated in the Sur-Reply, Plaintiffs' allegations are not substantially similar to *Allbirds*. *See* Sur-Reply at 3. The new cases cited by Defendants do not support their assertion that the *Allbirds* decision requires allegations of direct financial motive to establish scienter, nor is there "nationwide consensus" that this is the case. *See* Response at 4. Rather, Defendants have once again misstated the scienter standard by mischaracterizing the holdings in both *In re UiPath, Inc. Sec. Litig.*, 2025 WL 2065093 (S.D.N.Y. July 23, 2025) and *Meade v. Lincoln Nat'l Corp.*, 2025 WL 2087783 (E.D. Pa. July 24, 2025). Response at 4. Neither stands for the proposition that a direct financial motive must be alleged to establish scienter. In *UiPath*, the court stated that, absent allegations of motive, circumstantial evidence could support an inference of scienter by showing that the defendants knew or had access to information suggesting their statements were inaccurate. 2025 WL 2065093, at *13. In *Meade,* the Court found that plaintiffs had not alleged

---

28, 2021) (denying defendants' motion to dismiss plaintiffs' claims based on post purchase statements on the basis of standing, because the issue could be "addressed at [class certification] by naming an additional plaintiff."); *York Cnty.,* 738 F. Supp. 3d at 1198 ("The named plaintiff's adequacy and typicality is [] tested at the class certification stage.").

scienter because they failed to show that the defendant had access to contrary information at the time of the alleged statements, not because plaintiffs had failed to show a lack of direct financial motive. 2025 WL 2087783, at *6.  Here, Plaintiffs have alleged that contrary information was in Defendants' possession with the specificity required to establish scienter.  *See* Sur-Reply at 3; *see also* MTD Opposition, ECF No. 82 at 30–35.

### C.    Defendants' Factual Re-Interpretation Of Their Statements Is Unavailing

Defendants again attempt to recast their statements.  Response, ECF No. 85 at 2–3. Defendants claim their statements pertained solely to order fulfillment rates, and not the broader effects of the ERP transition.  Despite this reimagination, Defendants' statements were clear; they told investors that the "***ERP transition's effect*** on the quarter" were "behind us," and supported that claim by noting that Lamb Weston's "order fulfillment rates have normalized."  ¶219.  While Defendants may disagree with those assertions—and take the position that their statements related ***only*** to order fulfillment rates—this is a factual dispute that cannot be resolved at the motion to dismiss stage as a matter of law, and instead requires a full evidentiary record.  *See, e.g.*, *Neborsky v. Valley Forge Composite Techs., Inc.*, 2014 WL 3767011, at *5 (S.D. Cal. July 29, 2014) (refusing to resolve definitional dispute and explaining that "in deciding a Rule 12(b)(6) motion, the Court is bound to accept" the allegations as true); *In re DDi Corp. Sec. Litig.*, 2005 WL 3090882, at *12 n.14 (C.D. Cal. July 21, 2005) ("Defendants also quibble over the definition of 'customer' and 'customer base.'  These types of arguments are more appropriate for summary judgment or trial than a Rule 12(b)(6) motion to dismiss.").

### III.    CONCLUSION

For the reasons set forth herein and in Plaintiffs' Motion to File Sur-Reply, the Court should grant leave for Plaintiffs to file the Sur-Reply and deny Defendants' Motion to Dismiss.

Dated: August 14, 2025                          Respectfully Submitted,


                                                */s/ Scott McKay*
                                                Scott McKay (ISB#4309)
                                                Nathan Pittman (ISB#9430
                                                **NEVIN, BENJAMIN & MCKAY LLP**
                                                303 W. Bannock
                                                Boise, ID 83702
                                                Tel.: (208) 343-1000
                                                Fax: (208) 345-8274
                                                smckay@nbmlaw.com
                                                npittman@nbmlaw.com


                                                *Local Counsel for Lead Plaintiffs and the Class*

                                                Salvatore J. Graziano (*pro hac vice*)
                                                Jeroen van Kwawegen (*pro hac vice*)
                                                James A. Harrod (*pro hac vice*)
                                                Katherine Sinderson (*pro hac vice*)
                                                **BERNSTEIN LITOWITZ BERGER &**
                                                **GROSSMANN LLP**
                                                1251 Avenue of the Americas, 44th Floor
                                                New York, NY 10020
                                                Tel: (212) 554-1903
                                                Fax: (212) 554-1444
                                                salvatore@blbglaw.com
                                                jeroen@blbglaw.com
                                                jim.harrod@blbglaw.com
                                                katiem@blbglaw.com

6

Karin E. Fisch (*pro hac vice*)
James S. Notis (*pro hac vice*)
Vincent J. Pontrello (*pro hac vice*)
Cecilia E. Stein (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
kfisch@gelaw.com
jnotis@gelaw.com
vpontrello@gelaw.com
cstein@gelaw.com

*Counsel for Lead Plaintiffs and Lead
Counsel for the Class*

Frank R. Schirripa (*pro hac vice*)
**HACH ROSE SCHIRRIPA &
CHEVERIE LLP**
112 Madison Avenue, 10th Floor
New York, NY 10016
Tel.: (212) 213-8311
Fax: (212) 779-0028
fschirripa@hrsclaw.com

*Counsel for Plaintiff Cleveland Bakers
and Teamsters Pension Fund*

7

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system.  Copies of the document will be served on all counsel of record automatically by operation of the Court's CM/ECF filing system.

/s/ Scott McKay
Scott McKay

8